FILED
United States Court of Appeals
Tenth Circuit

**March 2, 2012**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LOLESTER B. MITCHELL,

Defendant - Appellant.

No. 11-3223
(D.C. No. 2:06-CR-20034-JWL-1)
D. Kansas

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**I.    BACKGROUND**

In 2007, Defendant-Appellant Lolester Mitchell was convicted of providing false statements in connection with the acquisition of a firearm, in violation of 18

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 922(a)(6).  He completed his term of incarceration on September 13, 2010, and began serving a three-year term of supervised release.  On July 18, 2011, Mitchell's supervised release was revoked and he was sentenced to eight months' imprisonment to be followed by a two-year term of supervised release.  Mitchell's counsel filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved to withdraw as attorney of record.  For the reasons set forth below, we agree with counsel that the record in this case provides no nonfrivolous basis for an appeal, and we therefore **grant** counsel's motion to withdraw and **dismiss** this appeal.

## II.    DISCUSSION

Under *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous."  *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Counsel is required, however, to submit a brief to both the defendant and this court indicating any potential appealable issues.  *Id*.  The defendant may submit additional arguments.  "The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous.  If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal."  *Id*. (citations omitted).  Mitchell's counsel filed his *Anders* brief on October 21, 2011.  In his *Anders* brief, counsel has advised this court that Mitchell's appeal is wholly

frivolous. Mitchell was served a copy of the *Anders* brief and two notices from this court but has not submitted any additional arguments. Our conclusions, therefore, are based on counsel's *Anders* brief and our own review of the record.

In 2007, the district court imposed numerous conditions of supervision in connection with Mitchell's three-year term of supervised release. A general condition of supervision prohibited Mitchell from committing another federal, state, or local crime. A special condition required Mitchell to participate in an approved program for substance abuse and share in the cost of such program based on his ability to pay. A standard condition required Mitchell to "answer truthfully all inquiries by the probation officer and follow instructions of the probation officer." During the final revocation hearing held on July 18, 2011, Mitchell admitted he appeared in Topeka, Kansas Municipal Court on June 6, 2011, and pleaded no contest to the offense of battery. Mitchell also admitted violating the terms of a protective order. Mitchell did not specifically stipulate that he failed to report for drug testing in June and July of 2011, but conceded he could not remember if he had so reported. Finally, Mitchell admitted failing to report to the probation office as directed by his probation officer.

Based on Mitchell's admissions, the district court found he had violated three conditions of supervised release. Mitchell was permitted to address the court. The court then revoked Mitchell's supervised release and sentenced him to eight months of incarceration and two years of supervised release.

Nothing in the record indicates the admissions and stipulations Mitchell made during the final revocation hearing were not knowing and voluntary or that the district court's findings are erroneous. The only other possible basis for an appeal must relate to Mitchell's sentence. The record, however, clearly shows the sentence is reasoned and reasonable. The district court permitted Mitchell to allocute before imposing the sentence. The court adequately considered the factors referenced in 18 U.S.C. § 3583(e) and the imprisonment range recommended by nonbinding policy statements in Chapter 7 of the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2); USSG § 7B1.4(a). After noting Mitchell's negative attitude and repeated refusal to comply with the conditions of his supervised release, the court imposed a sentence of imprisonment at the low end of the advisory range and well within the statutory limit for a Class C felony. *See* 18 U.S.C. § 3583(e)(3).

## III.  CONCLUSION

After a review of the record, we agree with counsel that there is no nonfrivolous basis upon which Mitchell could challenge either the revocation of his supervised release or the sentence imposed by the district court. Accordingly,

we conclude Mitchell's appeal is wholly frivolous. Counsel's motion to withdraw is **granted** and this appeal is **dismissed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge